# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **AMON-RA FEIF DEMUDD,** | : | **PRISONER CIVIL RIGHTS** |
| **Plaintiff,** | : | **42 U.S.C. § 1983** |
| | : | |
| **v.** | : | |
| | : | |
| **UNKNOWN,** | : | **CIVIL ACTION NO.** |
| **Defendant.** | : | **1:16-CV-3624-TWT-AJB** |

## UNITED STATES MAGISTRATE JUDGE'S
## <u>FINAL REPORT AND RECOMMENDATION</u>

Plaintiff, Amon-ra Feif DeMudd, confined in the DeKalb County Jail in Decatur, Georgia, has submitted an "affidavit of truth," which the Clerk has docketed as a civil rights complaint pursuant to 42 U.S.C. § 1983. [Doc. 1.] In his affidavit, Plaintiff declares that he is a "sovereign individual." [*Id.* at 1.] Plaintiff asks that his affidavit be "recorded," but he seeks no other relief. [*Id.*] Plaintiff attaches to his affidavit a "color of law violation warning" addressed to a state court judge, prosecutor, and public defender, who "may be in violation of federal laws." [Doc. 1-1 at 1, 2.] Plaintiff advises those individuals "to cease and desist with [their unspecified] demands." [*Id.* at 2.]

"Article III of the Constitution limits the jurisdiction of the federal courts to actual 'cases' or 'controversies.' . . . The purpose of the requirement is readily

apparent—to limit the federal courts to deciding issues presented in an adversary framework amenable to judicial resolution and to maintain separation of powers among the three branches of government." *Miller v. F.C.C.*, 66 F.3d 1140, 1145 (11th Cir. 1995) (citing *Flast v. Cohen*, 392 U.S. 83, 94-95 (1968)). As a result of Article III's cases-or-controversies limitation, federal courts do not issue advisory opinions. "The prohibition on advisory opinions is a logical corollary of the case or controversy requirement. 'Thus, no justiciable controversy is presented . . . when the parties are asking for an advisory opinion . . . .' " *Id.* at 1146 (quoting *Flast*, 392 U.S. at 95).

Because Plaintiff's documents do not set forth any specific claims for relief, the present case should be dismissed for lack of subject matter jurisdiction. *Bowen v. First Family Fin. Svcs., Inc.*, 233 F.3d 1331, 1339 (11th Cir. 2000). If Plaintiff subsequently decides to bring specific claims against any parties, he may commence a civil action under a new docket number.

### Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

2

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

   **IT IS SO RECOMMENDED and DIRECTED**, this __18th__ day of October, 2016.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

3